PONDER, Judge.
Plaintiff sued for damages as a result of being struck by an automobile. He has appealed from the judgment in favor of the defendant.
The only issue on appeal is whether the trial court committed manifest error in absolving defendant of liability.
We affirm.
Plaintiff left a night club shortly before closing time to return home. He sustained severe personal injuries, when an automobile struck him while he was crossing the street.
Plaintiff testified that he was already across the street and in a grassy area when the car struck him. He never saw the car and so could not give a description of it.
Mr. Ernest Slayton, a witness for the plaintiff, was driving along the street on which the accident occurred. He said that although he did not see the impact, he did see dust fly in the vicinity of a dark colored car travelling immediately in front of him. When he saw a man lying beside the road, he concluded the dark colored car had hit the man and so followed it to an apartment complex. Further investigation revealed that Mrs. Cathy Wallace was the driver of the car and State Farm Mutual Automobile Insurance Company was the insurer.
Certain fibers were found on the Wallace vehicle and they were compared with the plaintiff’s clothing. Although there were some similarities, the crime lab technician could not say with any certainty that the fibers on the car came from plaintiff’s clothing.
Mrs. Wallace testified that she was at the club with friends. She parked her car in a parking lot across the street. When leaving later that evening, she went around the horseshoe shaped driveway, turned right and proceeded west to return home. This would have prevented her from passing the spot where plaintiff was struck.
Rhonda Orgeron corroborated the testimony of Mrs. Wallace. She indicated that Mrs. Wallace had pulled out of the parking lot and was heading west when she heard a *913 scream. She turned and saw plaintiff lying beside the road.
The only eye witness to the incident was Jo Ann Brisendine, who was standing in a parking lot about twenty feet from the plaintiff when he was hit. She testified that the car which struck plaintiff was white or light colored. Miss Brisendine had not been drinking and was not acquainted with any of the parties involved.
From this conflicting testimony, the trial court concluded that plaintiff had not proved the car driven by Mrs. Wallace was the one that struck the plaintiff. The appellate court should not disturb this determination of credibility in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716 (1973). We can not say manifest error has been shown.
For the above reasons, the judgment of the trial court is affirmed; plaintiff is cast with all costs.
AFFIRMED.